MICHAEL J. HEYMAN
United States Attorney

E. BRYAN WILSON
NOAH ROETMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Bryan.Wilson@usdoj.gov
Email: Noah.Roetman@usdoj.gov

Attorneys for Defendant Douglas Burgum

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SLAYDEN PLUMBING & HEATING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL SERVICES ADMINISTRATION; JEFFREY KOSES, in his official capacity as Senior Procurement Executive, General Services Administration; DEPARTMENT OF DEFENSE; JOHN TENAGLIA, in his official capacity as Principal Director, Defense Pricing and Contracting, Office of Secretary of Defense; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; MARVIN HORNE, in his official capacity as Assistant Administrator for Procurement, National Aeronautics and Space Administration; FEDERAL ACQUISITION REGULATORY COUNCIL; KEVIN RHODES, in his official capacity as Chair of the Federal Acquisition | Case No. 3:25-cv-00310-SLG |

| | )|
|---|---|
| Regulatory Council and Administrator of the Office of Federal Procurement Policy, Office of Management and Budget; and RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER TO THE COMPLAINT

Defendants, through undersigned counsel, respectfully submit the following Answer to Plaintiff Slayden Plumbing & Heating, Inc.'s Complaint (Dkt. 1), in this case as follows:

### JURISDICTION AND VENUE

1. This paragraph is a jurisdictional allegation to which no response is required.

2. This paragraph is a jurisdictional allegation to which no response is required.

3. Defendants are without knowledge of Plaintiff's residency.

### INTRODUCTION

4. Without knowledge.

5. Without knowledge.

6. Without knowledge.

7. Deny that any actions taken by the President were unauthorized. Without knowledge of the remainder.

8. Denied.

9. Without knowledge.

10. Without knowledge.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## PARTIES

15. Without knowledge.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. Without knowledge.

20. Without knowledge.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Without knowledge.

## FACTUAL ALLEGATIOINS

### *Executive Order No. 14063 (EO 14063)*

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

### *FAR Council Promulgates Implementing Regulation*

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted that the agency head may exercise discretion in making an exception to the PLA.

46. Admitted.

47. Without knowledge.

*Slayden Plumbing & Heating, Inc. v. GSA, et al.* Page 4 of 9
Case No. 3:25-cv-00310-SLG

48. Without knowledge.

### *Trump OMB Confirms the PLA Mandate Will Be Enforced*

49. Admitted.

50. Admitted.

51. Admitted.

### *Injury to Slayden Plumbing & Heating, Inc.*

52. Without knowledge.

53. Without knowledge.

54. Without knowledge.

55. Without knowledge.

56. Admitted.

57. Without knowledge.

58. Without knowledge.

59. Without knowledge.

60. Without knowledge.

61. Without knowledge.

62. Without knowledge.

63. Without knowledge.

### **DECLARATIVE AND INJUNCTIVE RELIEF ALLEGATIONS**

64. Responses to the above paragraphs are realleged and incorporated by reference.

*Slayden Plumbing & Heating, Inc. v. GSA, et al.*      Page 5 of 9
Case No. 3:25-cv-00310-SLG

65. Without knowledge.

66. Without knowledge.

67. Without knowledge.

68. Without knowledge.

69. This is a jurisdictional allegation to which no response is required.

**CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATION OF THE ADMINISTRATIVE**
**PROCEDURE ACT, 5 U.S.C. § 706(2)(C)**
**RULE IN EXCESS OF STATUTORY AUTHORITY**

70. Responses to the above paragraphs are realleged and incorporated by reference.

71. This paragraph is a legal conclusion to which no response is required.

72. This paragraph is a legal conclusion to which no response is required.

73. This paragraph is a legal conclusion to which no response is required.

74. This paragraph is a legal conclusion to which no response is required.

75. This paragraph is a legal conclusion to which no response is required.

76. This paragraph is a legal conclusion to which no response is required.

77. This paragraph is a legal conclusion to which no response is required.

78. This paragraph is a legal conclusion to which no response is required.

79. This paragraph is a legal conclusion to which no response is required.

80. This paragraph is a legal conclusion to which no response is required.

81. This paragraph is a legal conclusion to which no response is required.

82. This paragraph is a legal conclusion to which no response is required.

83. This paragraph is a legal conclusion to which no response is required.

84. This paragraph is a legal conclusion to which no response is required.

### COUNT II
### VIOLATION OF THE ADMINISTRATIVE
### PROCEDURE ACT, 5 U.S.C. § 706(2)(A)
### ARBITRARY AND CAPRICIOUS

85. Responses to the above paragraphs are realleged and incorporated by reference.

86. This paragraph is a legal conclusion to which no response is required.

87. This paragraph is a legal conclusion to which no response is required.

88. This paragraph is a legal conclusion to which no response is required.

89. This paragraph is a legal conclusion to which no response is required.

90. This paragraph is a legal conclusion to which no response is required.

91. This paragraph is a legal conclusion to which no response is required.

### COUNT III
### VIOLATION OF THE U.S. CONSTITUTION, NONDELEGATION DOCTRINE,
### AND SPEARATION OF POWERS, 5 U.S.C. § 706(2)(B)

92. Responses to the above paragraphs are realleged and incorporated by reference.

93. This paragraph is a legal conclusion to which no response is required.

94. This paragraph is a legal conclusion to which no response is required.

95. This paragraph is a legal conclusion to which no response is required.

96. This paragraph is a legal conclusion to which no response is required.

97. This paragraph is a legal conclusion to which no response is required.

98. This paragraph is a legal conclusion to which no response is required.

99. This paragraph is a legal conclusion to which no response is required.

100. This paragraph is a legal conclusion to which no response is required.

101. This paragraph is a legal conclusion to which no response is required.

102. This paragraph is a legal conclusion to which no response is required.

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or to any form of relief.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over the subject matter.

2. Plaintiff lacks standing to bring the instant action.

3. To the extent Plaintiff asserts an action under the Administrative Procedure Act, there is no final agency action from which Plaintiff can appeal.

WHEREFORE, Defendant United States prays for relief as follows:

1. For dismissal of Plaintiff's Complaint against Defendants with prejudice; and

2. All other relief that the Court may deem just and proper.

// //

// //

RESPECTFULLY SUBMITTED this January 23, 2026, in Anchorage, Alaska.

                                                          MICHAEL J. HEYMAN
                                                        United States Attorney

                                                        /s/ E. Bryan Wilson
                                                        Assistant U.S. Attorney
                                                        United States of America

                                                        /s/ Noah Roetman
                                                        Assistant U.S. Attorney
                                                        United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on January 23, 2026,
a true and correct copy of the foregoing
was served electronically on the following:

Kerry Hunt, Tenn. Bar. No. 037742*
Charles M. Brandt, D.C. Bar No. 90029325*
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
KerryHunt@pacificlegal.org
CBrandt@pacificlegal.org

Luke A. Wake, Cal. Bar No. 264647*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
LWake@pacificlegal.org
*Pro Hac Vice*
*Attorneys for Plaintiff*
*Slayden Plumbing & Heating, Inc.*

/s/ E. Bryan Wilson
Office of the U.S. Attorney

*Slayden Plumbing & Heating, Inc. v. GSA, et al.*                              Page 9 of 9
Case No. 3:25-cv-00310-SLG