Kerry Hunt, Tenn. Bar No. 037742*
Charles M. Brandt, D.C. Bar No. 90029325*
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
KerryHunt@pacificlegal.org

Luke A. Wake, Cal. Bar No. 264647*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
LWake@pacificlegal.org

*Pro Hac Vice*
*Attorneys for Plaintiff*
*Slayden Plumbing & Heating, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SLAYDEN PLUMBING & HEATING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL SERVICES ADMINISTRATION; JEFFREY KOSES, in his official capacity as Senior Procurement Executive, General Services Administration; DEPARTMENT OF DEFENSE; JOHN TENAGLIA, in his official capacity as Principal Director, Defense Pricing and Contracting, Office of Secretary of Defense; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; MARVIN HORNE, in his official capacity as Assistant Administrator for | Case No. 3:25-cv-00310-SLG |

Initial Case Status Report / Case Scheduling & Planning (Revised 04/19/2024)
Page 1 of 13

| Procurement, National Aeronautics and Space Administration; FEDERAL ACQUISITION REGULATORY COUNCIL; KEVIN RHODES, in his official capacity as Chair of the Federal Acquisition Regulatory Council and Administrator of the Office of Federal Procurement Policy, Office of Management and Budget; and RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget,<br><br>                Defendants. | |
|---|---|

## SCHEDULING AND PLANNING CONFERENCE REPORT

I.  Meeting.

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties conferred on **February 2, 2026**; the following persons participated: **Bryan Wilson for the Government Defendants and Kerry Hunt, Luke Wake, and Charles Brandt for Plaintiff.** The parties recommend the following:

II.  Discovery Plan.

  A.  **Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure. Are there changes that the parties are proposing to that rule for this case under Rule 26(a)? **N/A. The parties agree discovery is not necessary.**

  Yes ☐   No ☐   *[If yes, list proposed changes: ]*

  B.  **Initial Disclosures / Preliminary Witness Lists.**

  1.  The information required by Rule 26(a)(1), Federal Rules of Civil Procedure: **N/A under Fed. R. Civ. P. 26(a)(1)(B)(i).**

      (a) ☐   Has been exchanged by the parties.

(b) ☐ Will be exchanged by the parties on or before:

    *[date]*.

2. Preliminary witness lists: **N/A**

    (a) ☐ Have been exchanged by the parties.

    (b) ☐ Will be exchanged by the parties on or before *[date]*.

3. Disclosure Statement. The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

    (a) ☒ Have been complied with.

    (b) ☐ Compliance will be accomplished on or before *[date]*.

    (c) ☐ Rule 7.1 is not applicable.

**C. Subjects and Timing of Discovery.** *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

1. List the subjects on which discovery may be needed: **Parties agree discovery is not necessary.**

2. Should discovery be conducted in phases or limited to or focused on particular issues? Yes ☐ No ☐ *[If yes, please describe the proposed phases or limitations: ]* N/A

Initial Case Status Report / Case Scheduling & Planning (Revised 04/19/2024)
Page 4 of 13

3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report. ***[If one or both parties contend that good cause exists for additional time for discovery, please explain: ]***

4. **Final Discovery Witness List.** A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on ***[date] [this date must be not less than 45 days prior to the close of fact discovery]***.[1] ***N/A***

5. **Close of Fact Discovery.** Fact discovery will be completed on or before ***[date] [see paragraph C.3 above]. N/A***

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure. ***N/A***

   (a) Expert witnesses shall be identified by each party on or before ***[date]***, and each party may identify responsive supplemental expert witnesses within 14 days thereafter.

---

[1] Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

Initial Case Status Report / Case Scheduling & Planning (Revised 04/19/2024)
Page 5 of 13

(b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

(i) By all parties on or before *[date]*; <u>or</u>

By plaintiff(s) on or before *[date]*, and by defendant(s) on or before *[date]*;

(ii) Rebuttal reports on or before 30 days from the service of the report being rebutted.

(c) Expert witness discovery (include depositions) shall be completed by: *[date] [see paragraph C.3 above].*

D. **Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

   Yes ☐   No ☒   *[If yes, please identify the issue(s): ]*

2. Please state how ESI should be produced: *[Explain: ] N/A*

3. Are there issues with preserving non-ESI discovery?

   Yes ☐   No ☒   *[If yes, please identify the issue(s): ]*

E. **Claims of Privilege or Protection of Attorney Work Product**

*See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

1. ☒ There is no indication that this will be an issue.

2. ☐ The parties have entered into a confidentiality agreement.

3. ☐ The parties will file their proposed confidentiality agreement on or before: *[date]*.

F. **Limitations on Discovery.** *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure. **N/A**

1. ☐ The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

2. ☐ The maximum number of depositions by each party will not exceed *[number]*.

   (a) ☐ Depositions will not exceed *[number]* hours as to any deponent.

   (b) ☐ Depositions will not exceed *[number]* hours as to non-party deponents.

Initial Case Status Report / Case Scheduling & Planning (Revised 04/19/2024)
Page 7 of 13

  (c) ☐ Depositions will not exceed *[number]* hours as to party deponents.

 3. ☐ The maximum number of interrogatories posed by each party will not exceed *[number]*.

 4. ☐ The maximum number of requests for admissions posed by each party will not exceed *[number]*.

 5. ☐ Other limitations: *[insert other limitations]*.

**G.** **Supplementation of Disclosures and Discovery Responses.** Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)?

Yes ☐ No ☐ *[If yes, explain: ] N/A*

**III.** **Pretrial Motions.**

**A.** Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

Yes ☐ No ■ *[If yes, explain: ]*

**B.** Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

1. Motions to amend pleadings or add parties will be filed not later than *[date]*. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

2. Motions under the discovery rules will be filed not later than *[date]*.

3. Dispositive motions (including motions for summary judgment) will be filed not later than **March 26, 2026 for Plaintiff and April 24, 2026 for Government Defendants.**

4. Motions to exclude expert testimony shall be filed and served not later than *[date]*.

IV. **Trial.**

   A. The case is expected to take *[number]* days to try.

   B. Has a jury trial been demanded?   Yes ☐   No ■

   C. Is the right to jury trial disputed?   Yes ☐   No ■

   D. The parties ☐ do / ■ do not request the scheduling of a trial date at this time.[2]

   1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial,

---

[2] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge.

at least two of which are 5 to 7 months from the close of all discovery.

2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

V. **Other Provisions.**

A. **Court Conference.** The parties ☐ do / ☒ do not request a conference with the court before entry of a scheduling order. *[If requested, explain: ]*

B. **Consent to Proceed before a Magistrate Judge.**

The parties ☐ do / ☒ do not consent to trial before a magistrate judge.

C. **Early Settlement / Alternative Dispute Resolution.**

1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

    Yes ☐   No ☒   *[If yes, explain: ]*

2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

    Yes ☐   No ☒

D. **Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)?   Yes ■   No ☐   *[If yes, describe: ]*

*Parties are aware of one case in another Circuit that, though unlikely to cause unduly burdensome duplication of labor or expense in this Court, concerns substantially the same claims and legal issues: Associated Builders & Contractors Florida First Coast Chapter, et al. v. General Services Administration, et al., No. 25-11375, U.S. Court of Appeals for the 11th Circuit (filed April 23, 2025). The other cases Plaintiff referenced in its Notice of Related Cases— Associated General Contractors of America Inc., et al. v. Federal Acquisition Regulatory Council, et al., Case No. 6:24-CV-00037, United States District Court for the Western District of Louisiana (filed Jan. 10, 2024) and MVL USA Inc., et al. v. United States, Case Nos. 24-1057, 24-1077, 24-1144, 24-1219, 24-1398, 24-1433, 24-1461, U.S. Court of Federal Claims (lead case filed July 12, 2024)—are now closed.*

VI. **Report Form.**

A. Have the parties experienced a problem in using this form?

Yes ☐   No ☒   *[If yes, explain: ]*

B.  Are there additional subjects that the parties would propose to add to this form?   Yes ☒   No ☐   *[If yes, explain: ]*

*Parties have also agreed, subject to approval by the Court, to the following production and briefing schedule:*

  1. *Production of Agency Record: March 2, 2026*
  2. *Plaintiff's motion for summary judgment: March 27, 2026*
  3. *Defendants' combined opposition and cross-motion for summary judgment: April 24, 2026*
  4. *Plaintiff's combined reply and opposition: May 8, 2026*
  5. *Defendants' reply: May 22, 2026*

Dated: <u>February 3, 2026.</u>

*KERRY HUNT\**
*LUKE A. WAKE\**
*CHARLES M. BRANDT\**

*By  /s/ Kerry Hunt*
*Kerry Hunt, Pro Hac Vice*
*Tenn. Bar No. 037742*

*Attorneys for Plaintiff*
*Slayden Heating & Plumbing. Inc.*

*\*Pro Hac Vice*

MICHAEL J. HEYMAN
United States Attorney


/s/ E. Bryan Wilson (w/consent)
Assistant U.S. Attorney
United States of America


/s/ Noah Roetman (w/consent)
Assistant U.S. Attorney
United States of America

Initial Case Status Report / Case Scheduling & Planning (Revised 04/19/2024)
Page 13 of 13